UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND AND TRAINING PROGRAM FUND; MIKE HELLSTROM, *as Business Manager of the Mason Tenders District Council of Greater New York*; and ANNA GUSTIN, *in her fiduciary capacity as director*,

                    Petitioners,

-v.-

AMERI RESTORATION, INC.,

                    Respondent.

22 Civ. 4161 (KPF)

**OPINION AND ORDER**

---

KATHERINE POLK FAILLA, District Judge:[1]

    Trustees of the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund, along with union officials Anna Gutsin and Mike Hellstrom (together, "Petitioners"), filed this motion for summary judgment on their petition to confirm an arbitral award (the "Award") pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), *as amended*, 29 U.S.C. § 185.  The motion is unopposed, inasmuch as Respondent Ameri Restoration, Inc. has neither acknowledged the petition nor made any effort to contest confirmation of the Award.  For the reasons set forth in the remainder of this Opinion, Petitioners' motion is granted.

---

[1]    The Clerk of Court is directed to amend the caption to reflect the correct spelling of "District," as set forth herein.

## BACKGROUND[2]

### A. Factual Background

Petitioners and Respondent are signatories to a Project Labor Agreement (the "PLA") with the New York City Building and Construction Trades Council. (Pet. 56.1 ¶ 5; Savci Decl., Ex. 2). Among other things, the PLA requires Respondent to make payments to certain fringe benefit trust funds, including the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund (collectively, the "Funds"), on behalf of its employees. (Pet. 56.1 ¶ 8). The PLA also binds Respondent to the terms of the Funds' Trust Agreements. (*Id.* at ¶ 5). The Trust Agreements, in turn, allow the Funds to examine Respondent's books and records to verify payment of the requisite contributions. (*Id.* at ¶ 6; Savci Decl. ¶ 8). The Trust Agreements and related amendments further permit Petitioners to initiate arbitration proceedings against employers — like Respondent here — that are delinquent in their payments and to recoup unpaid contributions along with interest, liquidated damages, attorney's fees, and costs. (Pet. 56.1 ¶¶ 9-11).

---

[2] The facts set forth in this Opinion are taken from Petitioners' Local Civil Rule 56.1 Statement of Material Facts Not in Issue (Dkt. #10 ("Pet. 56.1")), and from various exhibits to the Declaration of Haluk Savci (Dkt. #11 ("Savci Decl., Ex. []")), including the May 21, 2021 arbitral award (Dkt. #11-1 (the "Award")), included as Exhibit 1, and the Project Labor Agreement Covering Specified Renovation and Rehabilitation Work Between the Construction Manager or General Contractor, the New York City Building and Construction Trades Council, and Signatory Local Unions (Dkt. #11-2 (the "Project Labor Agreement" or "PLA")), included as Exhibit 2. Citations to Petitioners' Rule 56.1 Statement incorporate by reference the documents cited therein. Where facts stated in the Rule 56.1 Statement are supported by admissible evidence and not contested by Respondent, the Court finds such facts to be true. *See* Local Civil Rule 56.1(c)-(d).

Petitioners initiated the underlying arbitration proceeding on April 9, 2021, by serving Respondent with a notice and demand for arbitration by email and certified mail. (Pet. 56.1 ¶ 13). In the arbitration, Petitioners alleged that Respondent had failed to pay fringe benefit contributions, dues, and political action committee contributions to the Funds between June 5, 2017, and June 28, 2020. (Savci Decl., Ex. 6; Award 1). On April 12, 2021, the arbitrator, Joseph Harris, notified the parties by email that he would conduct a hearing in the matter on May 3, 2021. (Pet. 56.1 ¶ 13).

Arbitrator Harris convened the hearing on May 3, 2021. (Pet. 56.1 ¶ 14). No representative appeared for Respondent. (*Id.*). After finding that Respondent had received proper notice of the arbitration, Harris proceeded with a default hearing. (*Id.*). Petitioners submitted evidence in support of their claim, including a copy of an auditor's report analyzing Respondent's books and records and a deficiency report itemizing $61,663.53 in unpaid fringe benefits, $4,390.31 in unpaid dues and PAC contributions, $6,144.02 in interest, and $3,899.12 in audit costs. (*Id.* at ¶¶ 15-16; Award 2).

On May 21, 2021, Harris issued an award in Petitioners' favor. (Pet. 56.1 ¶ 17; Award 1-2). Harris ordered Respondent to pay Petitioners a total amount of $83,675.32, comprising the contributions, dues, interest, and audit costs listed above as well as a $6,144.02 ERISA penalty, $234.32 in interest accrued between December 1, 2016, and January 31, 2017, $500 in legal costs, and $700 in arbitration fees. (Pet. 56.1 ¶ 17; Award 2). Respondent has not made any payments to Petitioners pursuant to the Award. (Pet. 56.1 ¶ 18).

B.  **Procedural Background**

Petitioners filed the instant petition to confirm the Award on May 20, 2022. (Dkt. #1). On May 24, 2022, the Court ordered Petitioners to move for confirmation of the Award in the form of a motion for summary judgment on or before June 21, 2022. (Dkt. #6). The Court ordered Respondent to file any opposition brief by July 19, 2022, and Petitioners to file their reply by August 2, 2022. (*Id.*). Petitioners filed their summary judgment motion and supporting papers on June 21, 2022. (Dkt. #9-12). Respondent has neither filed opposition papers nor appeared in the case. As such, the motion is ripe for the Court's consideration.

## DISCUSSION

A.  **Applicable Law**

    1.  **Petitions to Confirm Arbitration Awards**

"Section 301 of the [LMRA], 29 U.S.C. § 185 (1994), provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Assoc. Musicians of Greater N.Y.* v. *Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). Federal court review of arbitral awards is "severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *United Bhd. of Carpenters & Joiners of Am.* v. *Tappan Zee Constructors, LLC*, 804 F.3d 270, 274-75 (2d Cir. 2015) (internal quotation marks and citation omitted). "The federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes." *N.Y. Hotel & Motel Trades*

*Council* v. *Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997). Because the LMRA "embodies a 'clear preference for the private resolution of labor disputes,'" *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Int'l Bhd. of Elec. Workers* v. *Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998)), judicial review of arbitral awards in this context is "among the most deferential in the law," *id.* at 532.

Confirmation of an arbitration award is thus generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court[.]" *D.H. Blair & Co., Inc.* v. *Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted). The Court's task is not to reconsider the merits of the dispute; after all, the parties bargained for the arbitrator's view of the facts and the law. *Nat'l Football League Mgmt. Council*, 820 F.3d at 536. Instead, the Court's role is "simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)); *see also Major League Baseball Players Ass'n* v. *Garvey*, 532 U.S. 504, 509 (2001) ("It is only when the arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." (quoting *United Steelworkers of Am.* v. *Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960))). "The arbitrator's rationale for an award need

5

not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks and citations omitted).

Given this deference and limited review, an arbitral award will normally be vacated "only upon finding a violation of one of the four statutory bases [enumerated in the FAA], or, more rarely, if [the court] find[s] a panel has acted in manifest disregard of the law." *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007).[3]

2. **Summary Judgment Under Federal Rule of Civil Procedure 56**

When a petition to confirm an arbitration award is unopposed, courts treat "the petition and accompanying record ... as akin to a motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 109. Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

---

[3]    By statute, an award may be vacated:

> [i] where the award was procured by corruption, fraud, or undue means; [ii] where there was evident partiality or corruption in the arbitrators, ... ; [iii] where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or [iv] where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

R. Civ. P. 56(a); *see also Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986).[4] A fact is material if it "might affect the outcome of the suit under the governing law," and is genuinely disputed "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of demonstrating the absence of a disputed material fact, and in making this determination the Court must view all facts in the light most favorable to the non-moving party. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has met its initial burden, the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial." *Parks Real Est. Purchasing Grp.* v. *St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 41 (2d Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). When a summary judgment motion is unopposed, "the moving party must still establish that the undisputed facts entitle him to a judgment as a matter of law." *Vt. Teddy Bear Co., Inc.* v. *1-800 BEARGRAM Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (internal quotation marks omitted).

---

[4] The 2010 Amendments to the Federal Rules of Civil Procedure revised the summary judgment standard from a genuine "issue" of material fact to a genuine "dispute" of material fact. *See* Fed. R. Civ. P. 56, advisory comm. notes (2010 Amendments) (noting that the amendment to "[s]ubdivision (a) ... chang[es] only one word — genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination."). This Court uses the post-amendment standard, but continues to be guided by pre-amendment Supreme Court and Second Circuit precedent that refer to "genuine issues of material fact."

**B.     Analysis**

Petitioners' uncontroverted evidence demonstrates the absence of a triable dispute regarding the validity of the Award.  The arbitrator heard Petitioners' case only after confirming that Respondent intended to default, as Respondent has done here.  (Pet. 56.1 ¶ 14).  The evidence submitted at the arbitration established that, pursuant to the PLA, Respondent was required to make certain payments to the Funds, and an auditor confirmed that said payments were not in fact made.  (*Id.* at ¶¶ 8, 15).  The arbitrator was also provided with proof, by submission of the PLA and Trust Agreements, that Respondent consented to arbitrate disputes related to its contribution obligations.  (*Id.* at ¶ 9).  Moreover, the arbitrator's decision was well-reasoned; given the evidence presented, there clearly exists a "colorable justification" for the Award.  *See D.H. Blair & Co.*, 462 F.3d at 110.

Additionally, there are no grounds for setting aside the Award.  None of the statutory grounds for vacatur applies to this case: the record does not indicate that (i) Petitioners acquired the Award via corruption, fraud, or undue means; (ii) Harris was unfairly biased; (iii) Harris engaged in misconduct or prejudicial behavior; or (iv) Harris acted beyond the explicit scope of his powers.  *See* 9 U.S.C. § 10(a) (providing the four statutory grounds for vacatur of an arbitral award).  Lastly, Respondent has made no showing (and the Court's independent review has not revealed any evidence) that, in rendering the Award, Harris acted in "manifest disregard" of the law.  *Porzig*, 497 F.3d at 139.  Consequently, the Court must affirm the Award.

The Court need not conduct any further inquiry into damages because the Award is for a sum certain. *Abondolo* v. *H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *3 (S.D.N.Y. May 12, 2008) ("Because the Arbitration Award is for a sum certain, no further inquiry into damages is necessary.") (confirming arbitration award); *Herrenknecht Corp.* v. *Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr.16, 2007) (same). Therefore, judgment in the amount of $83,675.32, plus statutory interest accruing from May 21, 2021 — the date of the Award — through the date of judgment, is appropriate.

## CONCLUSION

For the foregoing reasons, Petitioners' motion for summary judgment on their petition to confirm the Award is GRANTED. The Clerk of Court is directed to enter judgment in favor of Petitioners in the amount of $83,675.32 plus statutory interest from May 21, 2021, through the date of judgment. The Clerk of Court is further directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:   October 13, 2022
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge